2024 PA Super 163

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DENNIS M. ROBINSON | : | |
| | : | |
| Appellant | : | No. 1230 MDA 2023 |

Appeal from the PCRA Order Entered August 3, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0000549-2010

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

OPINION BY LAZARUS, P.J.: **FILED: JULY 31, 2024**

Dennis M. Robinson appeals from the order, entered in the Court of Common Pleas of Dauphin County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. In addition to a counseled appellate brief, Robinson has filed a *pro se* application for remand pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021). After careful review, we deny Robinson's application for remand pursuant to **Bradley**, grant Robinson's motion to stay pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), [1] and remand for further proceedings before the PCRA court in accordance with the instructions below.

We previously related the factual history of this case following Robinson's first collateral appeal. **See Commonwealth v. Robinson**, 229

---

[1] As discussed **infra**, we treat this motion as a **Grazier** motion, not as a motion to stay.

A.3d 375, at *1-*5 (Pa. Super. 2020) (Table). The PCRA court set forth the

relevant procedural history as follows:

> On October 6, 2011, following a four[-]day jury trial, [Robinson] was found guilty of [first-]degree murder and firearms not to be carried without a license. [Robinson] was immediately sentenced to an effective aggregate term of life imprisonment.
>
> On November 7, 2011, [Robinson] filed a notice of appeal. The Pennsylvania Superior Court affirmed the judgment of sentence on November 7, 2012. On April 16, 2013, the Pennsylvania Supreme Court denied [Robinson's] petition for allowance of appeal.
>
> On January 29, 2014, [Robinson] filed a *pro se* petition for relief under the [PCRA]. [It b]eing [Robinson's] first PCRA petition, [the court] appointed counsel to represent him. ***See***[] Pa.R.Crim.P. 904(C) ([] court shall appoint counsel to represent defendant in first PCRA petition). However, on March 30, 2015, Roy L. Galloway, Esq[uire], entered his appearance as privately[-]retained PCRA counsel.
>
> [Robinson] filed amended, counseled PCRA petitions on August 17, 2015, and October 7, 2015. Hearings on said petitions were held on February 21, 2017, July 7, 2017, September 5, 2017, December 12, 2017, and October 8, 2018. On November 8, 2018, [Robinson] and the Commonwealth filed memoranda of law in support of their respective positions. On April 8, 2019, [the PCRA court] dismissed [Robinson's] PCRA petition.
>
> On April 25, 2019, [Robinson] filed a notice of appeal from the dismissal of his PCRA petition. On March 27, 2020, the Superior Court affirmed the dismissal of [Robinson's] first PCRA petition. On January 1, 2021, the Pennsylvania Supreme Court denied [Robinson's] petition for allowance of appeal.

On January [4,[2]] 2023, [Robinson] filed a second PCRA petition.[3]

\* \* \*

On April 3, 2023, [the PCRA court] issued an order scheduling a hearing "limited to determining whether [Robinson's] petition is timely under the PCRA such that [the] court has jurisdiction to hear the substantive claims raised therein." [The PCRA court] held that hearing on July 11, 2023.

PCRA Court Opinion and Order, 8/3/23, at 1-3 (footnotes and unnecessary capitalization omitted). The PCRA court ultimately dismissed Robinson's second PCRA petition as untimely. *Id.* at 12-13.

On August 4, 2023, Attorney Daniel Silverman, on Robinson's behalf, filed a motion requesting the PCRA court appoint him as appellate counsel for Robinson.[4] On August 8, 2023, the PCRA court, agreeing that Robinson was indigent and entitled to counsel, appointed Kristen Weisenberger, Esquire, to serve as Robinson's appellate counsel, denied Attorney Silverman's motion, and withdrew the appearance of Attorney Silverman. *See* Order, 8/8/23.

---

[2] The PCRA court, and Robinson's own counsel, mistakenly stated that Robinson filed his second PCRA petition on January 24, 2023. A review of the trial court record reflects that the petition was filed and received by the Dauphin County Clerk of Courts on January 4, 2023.

[3] Daniel Silverman, Esquire, entered his appearance on behalf of Robinson the same day.

[4] Attorney Silverman was privately retained for Robinson's PCRA proceedings.

On August 30, 2023, Robinson filed a timely notice of appeal.[5] Robinson, in his counseled brief, raises the following question for our review: "Whether the [PCRA] court erred in dismissing [Robinson's] PCRA [petition], where [he] established timeliness exceptions to warrant a filing [more than one year from] the date judgment became final." Appellant's Brief, at 4.

Following the filing of his notice of appeal, Robinson submitted several *pro se* filings to this Court. On January 4, 2024,[6] Robinson filed a "Notice of

---

[5] The PCRA court did not order Robinson to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On September 8, 2023, the PCRA court notified this Court that, for purposes of appellate review, in lieu of a Rule 1925(a) opinion, the court's August 3, 2023 opinion fully set forth the reasons for dismissing Robinson's PCRA petition.

[6] Robinson's motion was docketed by our Court on January 12, 2024, received on January 9, 2024, and postmarked on January 4, 2024. Pursuant to the prisoner mailbox rule, we consider Robinson's motion filed on January 4, 2024, before the counseled brief, despite Robinson having counsel at the time. *See* Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility **is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented** by a properly executed prisoner cash slip or other reasonably verifiable evidence.") (emphasis added); ***Commonwealth v. Williams***, 151 A.3d 621, 624 (Pa. Super. 2016) (Superior Court required to docket *pro se* notice of appeal filed by counseled litigant); ***Commonwealth v. Leatherby***, 116 A.3d 73, 78-79 (Pa. Super. 2015) (where defendant effectively abandoned by counsel and trial court failed to timely appoint new counsel, *pro se* post-sentence motion tolled appeal period and did not offend considerations of hybrid representation); ***Commonwealth v. Chambers***, 35 A.3d 34 (Pa. Super. 2011) (explaining prisoner mailbox rule provides *pro se* prisoner's document deemed filed on date delivered to prison authorities for mailing); ***cf. Commonwealth v. Pope***, 262 A.3d 584, at *7 (Pa. Super. 2021) (Table) (*pro se* motions falling under rule of hybrid representation have no legal effect and do not benefit from prisoner mailbox rule); ***see also*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of Superior Court filed after May 1, 2019, may be cited for persuasive value).

Immediate Motion to Stay Proceedings" (hereinafter "Motion to Stay") alleging that, *inter alia*, he had not heard from Attorney Weisenberger since her appointment, counsel had abandoned him, and that counsel's representation had been ineffective and was prejudicing him and asked this Court to order the PCRA court to address his claims. **See generally** Motion to Stay, 1/4/24. On January 22, 2024, Robinson filed a "Petition Requesting Remand for a **Grazier** Hearing," raising claims of Attorney Weisenberger's ineffectiveness and requesting the opportunity to proceed *pro se* or with new counsel. On February 26, 2024, Robinson filed an application for remand so that new counsel may be appointed to pursue his ineffective assistance of counsel claim with respect to appellate counsel, Attorney Weisenberger. **See** Appellant's Application for Remand Under the Authority of **Bradley** (hereinafter "**Bradley** Application").

On April 5, 2024, this Court issued a per curiam order that all filings must be forwarded to Attorney Weisenberger pursuant to **Commonwealth v. Jette**, 23 A.3d 1032 (Pa. 2011), denying Robinson's January 22, 2024 **Grazier** petition as untimely in light of Attorney Weisenberger filing a counseled brief on January 10, 2024, and deferring Robinson's February 26, 2024 **Bradley** application for this panel's review. Before addressing the merits of Robinson's PCRA claim, and in light of the Supreme Court of Pennsylvania's decision in **Commonwealth v. Greer**, 316 A.3d 623, No. 87 MAP 2023 (Pa. June 6, 2024), we address his *pro se* filings.

At the outset, we note that it is well-established that there is no right to hybrid representation at trial or on appeal. *Jette*, 23 A.3d at 1036-37. The *Greer* Court aptly summarized the issues that hybrid representation presents:

• it is an indication that counsel and their client are in conflict, which could undermine the client's odds of success on appeal;

• it disincentivizes counsel to utilize their professional judgment to determine if issues have possible merit before submitting them to the appellate court; and

• it threatens to create procedural confusion and delay in the appellate courts.

*Greer*, 316 A.3d 623, slip op. at 9 (citing *Commonwealth v. Ellis*, 626 A.2d 1137, 1138-39 (Pa. 1993)). Accordingly, we will not accept a *pro se* motion while an appellant is represented by counsel. *See Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa. Super. 2016). Generally, when a counseled appellant files a *pro se* document, it is noted on the docket and forwarded to counsel, but no further action is taken. *See id.*; *see also* Pa.R.Crim.P. 576(A)(4). However, a counseled appellant may petition to terminate his representation and elect to proceed on his own behalf, *see Jette*, 23 A.3d at 1038, or raise ineffectiveness claims against PCRA counsel while his collateral appeal is pending in this Court. *See Bradley*, 261 A.3d at 401-03.

We begin with Robinson's *Bradley* application. Although Robinson's application purports to be controlled by the holding in *Bradley*, *supra*, he is, in fact, not arguing that he had ineffective assistance of counsel in the PCRA proceeding, *id.* at 401, but rather that he has been abandoned by current

- 6 -

appellate counsel, Attorney Weisenberger. *See Bradley* Application, *supra* at 1, 4-9 (unpaginated).

In *Bradley*, our Supreme Court held that a PCRA petitioner may "raise claims of **PCRA counsel's ineffectiveness** at the first opportunity to do so, even if on appeal." 261 A.3d at 401 (emphasis added). The Court recognized the right of a petitioner not only to counsel, but also to "the effective assistance of counsel." *Id.* at 391 (citation omitted). The *Bradley* Court acknowledged that "there is no formal mechanism in the PCRA for a second round of collateral attack focusing upon **the performance of PCRA counsel**, much less is there a formal mechanism designed to specifically capture claims of trial counsel ineffectiveness defaulted by initial-review PCRA counsel." *Id.* at 392 (emphasis added) (quoting *Commonwealth v. Holmes*, 79 A.3d 562, 583-84 (Pa. 2013)). The holding in *Bradley* specifically applies to claims of PCRA counsel's ineffectiveness. *Id.* at 401 ("[W]e hold that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of **PCRA counsel's ineffectiveness** at the first opportunity to do so, even if on appeal.") (emphasis added) (footnote omitted).

In *Greer*, our Supreme Court set forth the procedures by which this Court enforces the mandates set out in *Bradley*, *supra*. In *Greer*, the petitioner sought to raise *Bradley* claims against current appellate counsel while his appeal was pending. Specifically, the petitioner identified ten claims against then-current counsel involving issues that had either not been

preserved for appellate review or had not been properly developed at the PCRA hearing. Petitioner's application for remand, raising these claims, was filed prior to counsel's appellate brief in this Court. The Commonwealth argued that, under *Commonwealth v. Hubbard*, 372 A.2d 687 (Pa. 1977), this Court was required to review and assess the merits of Greer's ineffectiveness claims before remanding it to the PCRA court. The Supreme Court disagreed and clarified the relationship between *Bradley* and *Hubbard*, stating:

> *Bradley* recognized that when the General Assembly first passed the PCRA, appellants could raise prior counsel's ineffectiveness on direct appeal as demonstrated by *Hubbard*. *See Bradley*, 261 A.3d at 401-[]02. However, *Bradley* also recognized that *Commonwealth v. Grant*, [], 813 A.2d 726 (Pa. 2002), was a sea change in the law. *See Bradley*, 261 A.3d at 391. . . . *Grant* did not address the issue of raising claims of **PCRA counsel's** ineffectiveness for the first time on appeal.

*Greer*, *supra* at 7 (some citations and quotation marks omitted, emphasis original). Moreover, the purpose of discussing *Hubbard* in *Bradley* was to "rebuff any argument that the PCRA itself forbids raising PCRA counsel's ineffectiveness for the first time on appeal." *Id.*

In *Greer*, our Supreme Court provided the following direction to this Court when a PCRA petitioner makes clear his desire to lodge claims of PCRA counsel's ineffectiveness:

> [this Court] should [] immediately remand[] the case to the PCRA court for an on-the-record assessment of [petitioner's] rights and wishes. Only after clarifying [petitioner's] representation status can a proper merits brief be filed. This conclusion is consonant with existing law and procedures employed by the Superior Court, avoids piecemeal litigation[,] and encourages a full, fair, and final review of all claimed errors in one proceeding.

*Id.* at 8.

Here, notably, this is neither Robinson's first PCRA petition, nor is he raising claims of **PCRA counsel's ineffectiveness**. Additionally, Attorney Weisenberger filed a counseled brief **prior to** Robinson's *pro se* application for remand. Nevertheless, this Court recently remanded a similar case for development of the record regarding a claim of ineffective assistance of PCRA counsel and collateral appeal counsel. *See Commonwealth v. Grazioli*, 297 A.3d 735 (Pa. Super. 2023) (Table).

In *Grazioli*, the appellant filed an application for remand after collateral appeal counsel had filed a brief. *See Grazioli*, *supra*. The appellant averred that his counsel had filed an entirely deficient brief, which failed to comport with our appellate rules and failed to cite to any caselaw. *Id.* at *8-*10. Upon review of counsel's brief, this Court agreed and granted the application for remand. *Id.* at *10-*13. In particular, we noted that a mere review of counsel's brief made it apparent that appellant's claims of ineffectiveness had merit, due, in large part, to appellate counsel's waiver of every claim. *See id.* (concluding appellate brief failed to cite to record or caselaw and presented entirely undeveloped arguments). Further, the PCRA court in *Grazioli* "never addressed the substance" of several of appellant's claims. *Id.* at *13-*14.

Here, Robinson asks this Court to remand and direct the appointment of new counsel in his *Bradley* application because he, allegedly, has been abandoned and without the effective assistance of Attorney Weisenberger. *See Bradley* Application, 3/5/24, at 7 (unpaginated). Specifically, Robinson

states that since Attorney Weisenberger's appointment as collateral appeal counsel on August 8, 2023, he has not received any communication from her. *Id.* at 4-7. Robinson cites to five instances when he or his family attempted to reach Attorney Weisenberger, with no success. *Id.* Robinson argues that he has been completely abandoned and without any communication from appointed counsel, and that the brief Attorney Weisenberger filed

> failed to cite to the record, failed to mention supporting favorable evidence (including chief witness Greene's attorney Wendy Grella testifying that, in fact, DDA John Baer assured her, prior to Robinson's trial, to expect favorable treatment for Greene's cooperation), failed to raise the PCRA court's misinterpretation of 42 Pa.C.S.A. § 9545(b)(1)(i), more specifically adding a "due diligence" prong where it does not belong, and again, Attorney Weisenberger demonstrates a complete lack of interest in zealously advocating for Robinson's interests. Attorney Weisenberger made clear she intended to file an ***Anders***[] brief,[7] claiming Robinson didn't meet the exceptions, and with those intentions she filed an unintelligible, incomprehensible brief.

***Bradley*** Application, 3/5/24, at 7-8 (unpaginated) (cleaned up).

As discussed above, Robinson's claims of collateral appeal counsel's ineffectiveness are easily distinguishable from ***Greer***, ***supra***, and ***Grazioli***, ***supra***. Here, as stated above, appellate counsel filed a rule-compliant

---

[7] While Robinson stated Attorney Weisenberger intended to file an "Anderson brief," we believe he was referring, rather, to ***Anders v. California***, 386 U.S. 738 (1967). We note, however, where counsel seeks to withdraw on appeal from the denial of PCRA relief, a ***Turner***/***Finley*** no-merit letter is the appropriate filing. ***See Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 379 Pa. Super. 390, 550 A.2d 213 (Pa. Super. 1988) (en banc). Nevertheless, Attorney Weisenberger did not file either a ***Turner***/***Finley*** letter or ***Anders*** brief.

appellate brief that did not waive any of Robinson's claims. Rather, Robinson's claims, addressed in detail by the PCRA court, were time-barred under the PCRA.[8] Accordingly, Robinson's *pro se* Application for Remand under ***Bradley*** is denied.

We next address Robinson's January 4, 2024, and January 22, 2024, *pro se* filings. "When an appellant requests *pro se* status after his counsel has filed an appellate brief, the request is untimely." ***Grazier***, 713 A.2d at 82; ***see also Commonwealth v. Rogers***, 645 A.2d 223 (Pa. 1994) (requiring appellant to remain with counsel once counsel filed brief and prohibiting subsequent *pro se* briefs). Here, Attorney Weisenberger filed a counseled brief on January 10, 2024. Thus, Robinson's January 22, 2024 "Petition Requesting Remand for a ***Grazier*** Hearing" is patently untimely. However, Robinson's January 4, 2024 "Notice of Immediate Motion to Stay Proceedings" was filed prior to the counseled brief.

We are, again, guided by ***Greer***. In ***Greer***, ***supra***, the Supreme Court stated that "when faced with a clear indication" that an appellant wished to pursue claims of counsel's ineffectiveness, the Superior Court should immediately "remand the case to the PCRA court for an on-the-record assessment" of an appellant's rights and wishes. ***Id.*** at 7-8. The Court

---

[8] This Court is not a fact-finding court and, consequently, we merely determined whether or not appellate counsel was ineffective for filing a deficient brief, as Robinson alleged. Having concluded that appellate counsel's brief was not deficient on its face, we deny Robinson's ***Bradley*** Application, but make no determination on appellate counsel's effectiveness otherwise.

concluded that this determination "is consonant with existing law and procedures employed by the Superior Court, avoids piecemeal litigation and encourages a full, fair, and final review of all claimed errors in one proceeding." *Id.* at 8. In *Greer*, the Court determined that Greer's application for remand, though not formally a *Grazier* petition with a request for *pro se* status, "read as a whole, [] raised the possibility that Greer may have preferred proceeding *pro se* to pursue his claims of [counsel's] ineffectiveness. Thus, pursuant to *Grazier*, the Superior Court should have, at the very least, remanded for a *Grazier* hearing." *Id.* at 8-9. The *Greer* Court ultimately found that, under *Grazier*, this Court should have granted the application for remand to determine Greer's rights and wishes before requiring a counseled brief. *Id.* at 12.

Just as in *Greer*, we find that Robinson's January 4, 2024 Motion to Stay, received before Attorney Weisenberger's counseled brief, was a "clear indication" that Robinson wished to pursue claims of Attorney Weisenberger's ineffectiveness. Specifically, the January 4, 2024 motion states that Robinson has contacted Attorney Weisenberger "to no avail[,]" and that she "has yet to respond" to him in the time since her appointment. *See* Motion to Stay, 1/4/24, at ¶ 4. Moreover, Robinson stated his desire to address this issue with the PCRA court, as current counsel has "completely abandoned [him] and continues to show and be incompeten[t] and ineffective[,] prejudicing [him]." *Id.* at ¶ 5. Thus, although Robinson did not title his motion a "*Grazier* petition," just as in *Greer*, read as a whole, the motion raises the possibility

- 12 -

that Robinson may prefer to proceed *pro se* to pursue his claims. As we are not a fact-finding court, the most prudent conclusion is to grant Robinson's January 4, 2024 motion and remand to the PCRA court, as a court of first instance, for a ***Grazier*** hearing.

The PCRA court is therefore directed to, within 60 days, conduct an on-the-record inquiry, pursuant to ***Grazier***, to determine whether Robinson wishes to proceed *pro se* and whether such a decision is knowing, intelligent, and voluntary. Following the hearing, if the court concludes that Robinson wishes to be represented by counsel, the PCRA court shall order new counsel[9] to file a supplemental Rule 1925(b) concise statement within 21 days. Within 30 days of receiving the supplemental Rule 1925(b) statement, the PCRA court shall issue a responsive, supplemental Rule 1925(a) opinion. Should Robinson choose and be permitted to proceed *pro se*, the PCRA court shall accept a *pro se* concise statement within the timeline as stated above.[10]

Case remanded with instructions for further PCRA proceedings. Robinson's Motion to Stay granted as relates to his ***Grazier*** claims. Robinson's ***Bradley*** Application for Remand denied. Panel jurisdiction retained.

---

[9] If new counsel is appointed, he or she shall enter an appearance in this Court.

[10] Upon completion of all remand instructions, the record shall be transmitted to the Superior Court for disposition.